PIERCE *v.* THE STATE.

No. 15396.   FEBRUARY 21, 1946.

James Maddox, for plaintiff in error.

Henderson Lanham, Solicitor-General, and Chastine Parker, contra.

CANDLER, Justice.  To answer the question certified we must deal with an act of the General Assembly approved February 3, 1938 (Ga. L. Ex. Sess. 1937-38, p. 103), known as the "Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors," since the act materially changed the law of the State respecting the manufacture, sale, distribution, and possession of alcoholic beverages and liquors.   The question certified refers to "Code, § 58-1056" and "Code, § 58-1077."   These are the sections appearing in the Annotated Code of Georgia (1943 Supp., Cum. Pocket Part), §§ 58-1056, 58-1077.

Under the act approved February 3, 1938, supra, sec. 11 (c), "the possession of any distilled spirits or alcohol by any person which does not bear the tax stamps provided for herein shall be unlawful, . . and the offender shall be guilty of a misdemeanor." The purpose of the penal provision of this section of the act was to prevent a defeat of the State's right to collect its tax on distilled spirits and alcohol imported into the State or manufactured in

the State, and the possession of whisky in any county of the State in a container which does not have affixed thereon the necessary tax stamp is by the terms of the act made a penal offense punishable as a misdemeanor. It is a separate and distinct criminal offense from any other penal provision of the act. *Shafer* v. *State,* 193 *Ga.* 749, 754 (20 S. E. 2d, 34).

The "bone-dry" act of 1915 (Ga. L. 1915, Ex. Sess., pp. 77, 79), from which § 58-101 (Code of 1933) was codified, enumerated the prohibited liquors and beverages in this State. The act of 1917 (Ga. L. 1917, Ex. Sess., pp. 7, 8), from which § 58-201 was codified, made their possession unlawful. The act of 1935 (Ga. L. 1935, Ex. Sess., p. 73), known as the "Malt Beverage Act," eliminated certain of the prohibited beverages. The act approved February 3, 1938 (Ga. L. 1937-38, Ex. Sess., p. 103), known as the "Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors," very substantially amended the then-existing prohibition law in certain respects. It provides, among other things, that in those counties of the State, where an election is held under fixed rules and regulations, and where a majority vote is in favor of taxing and controlling alcoholic beverages and liquors, the manufacture, possession, distribution, and sale of same in such county shall be permitted in accordance with the provisions of the act; but if a majority vote against it, then the manufacture, distribution, and sale of same in such county shall be prohibited as now provided by law. Section 23-B of the act, which is now § 58-1073 of the Annotated Code Supplement provides that it shall not be unlawful for any person to have and possess for use and consumption and not for sale, in any county of the State, one quart of the liquors and beverages described in the act when purchased for such use and consumption from a lawful and authorized retailer and properly stamped. As the act relates to a county which has not legalized the sale of whisky, no other exception to the general prohibition law of the State is made. Section 27 of the act (Code Ann. Supp., § 58-1077) provides that the possession or control of more than one quart of spirituous, vinous, or alcoholic liquor, in any county of the State (except such counties in which liquor may be legally sold or transported under the terms of the act), shall be a misdemeanor, and the fact that such person may have a license

or liquor stamps shall be no defense where said liquor is carried into a county which has not legalized it. To us it is very clear that this section of the act must be construed with section 23-B (Ann. Supp., § 58-1073). Unquestionably it was the purpose and intent of the General Assembly to legalize the possession, in a dry county, of one quart of whisky legally purchased for use and consumption, when properly stamped, and no more. The "possession or control of more than one quart of spirituous, vinous, or alcholic liquor, in any county of the State (except such counties in which liquor may be legally sold or transported under the terms of this Act)" clearly has reference to the possession of more than a quart of tax-paid whisky in a dry county. To construe the words otherwise would necessarily imply that the possession of more than a quart of non-tax-paid whisky, in a county in which liquor may be sold, is legal. The words, "the fact that such person may have a license or liquor stamps," can not possibly have any reference to non-tax-paid whisky found in the possession of an individual, since a license authorizes the sale, in a county which has legalized it, of only such whisky as has been legally distilled and properly stamped, and liquor or tax stamps must be affixed to the liquor container before being withdrawn from a designated warehouse. Nothing in the act purports to legalize the possession of non-tax-paid whisky. Its possession, in any quantity in any county of the State, is unlawful under the existing prohibition law of the State. The provisions of the act deal only with that class of liquors which it legalizes and controls.

It therefore follows from what has been said in the two divisions of this opinion that one who has in his possession more than a quart of non-tax-paid whisky, in a county where whisky can not legally be sold, is not as a matter of law guilty of violating both sections of the act of 1938, codified as §§ 58-1056 and 58-1077 in the Annotated Code Supplement. To violate the former section, he must have in his possession whisky on which the tax has not been paid; and the latter section, by having in his possession, in a dry county, more than a quart of whisky on which the tax has been paid. But we do not rule on the question whether or not the possession of whisky, such as described in the question certified, would be an offense under the "bone-dry" law (Code, § 58-201), and a separate offense under the section codified as § 58-1056 of the Annotated Code Supplement.

The first division of the question is answered in the *negative*; the second division in the *affirmative*.

All the Justices concur.