31707. ROBERSON *v.* THE STATE.

DECIDED OCTOBER 30, 1947.

*James Maddox,* for plaintiff in error.

*E. J. Clower, Solicitor-General, G. W. Langford, T. J. Espy Jr.,* contra.

GARDNER, J. The defendant was tried and convicted on an indictment containing two counts. The first count charged him with having in his possession and control, whisky to which no revenue stamp of the State of Georgia was fixed. The second count charged that he did possess and control in Floyd County, Georgia, more than one quart of whisky at the time the Revenue Tax Act of the State of Georgia to legalize and control whisky had not been made operative. The defendant was convicted on both counts. He made a motion for a new trial which was overruled, and to this judgment he excepts.

■ Special grounds 1 and 6 assign error on the ground that the venue was not proved. While it is true that John Hall, when asked if the whisky was found in Floyd County, said: "Well, I suppose it was," yet one of the officers stated positively, "This place where we found this whisky is in Floyd County." These special assignments of error are without merit.

■ Special ground 2 assigns error on the following excerpt from the charge of the court: "I charge you that all connected with the violation of the criminal statute in a misdemeanor case, and this is a misdemeanor case, are principals, and there are no accessories in the violation of a misdemeanor statute, all are principals who aid, abet, assist, advise or counsel in the commission of the crime charged." This states substantially the correct principle of law. Considering the charge as a whole and this excerpt, we can not see any reason why the jury should have become confused or as to why this excerpt contains reversible error.

■ Special ground 3 assigns error because of the following excerpt from the charge of the court: "I charge you that the husband is the head of the family, and as such head of the family is in possession of the home and premises where he resides and of the articles therein and thereof. Whether or not any whisky was found at any other place is the question for the jury to determine, but whether on the premises or in the home of the defendant or elsewhere, if the jury believes from the evidence, giving to the testimony of each and every witness such weight and credit

as you think it is entitled to receive, as well also the statement of the defendant, if the jury believes from the evidence and the defendant's statement that the defendant was in possession, custody or control of the prohibited liquors mentioned in the indictment, wherever it might be in this county, you'll be authorized to find him guilty of the possession, custody or control of said liquors, provided he was in the possession, custody or control of said liquors, either by himself or by or through some other person for the defendant." We think this charge is cause for reversal. It is true that where one is shown to be the head of the family and contraband liquor is found in his home, the presumption is that the possession of such liquor is that of the head of the family, but this is a presumption of fact which is rebuttable. The court should have so charged. *Morgan* v. *State,* 62 *Ga. App.* 493 (8 S. E. 2d, 694) ; *Thomas* v. *State,* 64 *Ga. App.* 315 (13 S. E. 2d, 92) ; *Gray* v. *State,* 66 *Ga. App.* 50 (16 S. E. 2d, 916) ; *Haney* v. *State,* 75 *Ga. App.* 736 (44 S. E. 2d, 492).

■ Special ground 4 assigns error upon the ground that if the defendant was guilty at all, he was guilty of one offense only, and that is the offense of having non-tax-paid liquor in a "dry" county as covered under count 1, and that Floyd County, being a "dry" county, possessing contraband liquor therein as alleged under count 2 sets out no offense. This identical question was before this court in the case of *Pierce* v. *State,* 73 *Ga. App.* 627 (37 S. E. 2d, 431), and was determined adversely to the contentions of the defendant. Counsel for the defendant concludes that this case is in conflict with *Pierce* v. *State,* 200 *Ga.* 384 (37 S. E. 2d, 201). Before this court delivered the opinion in the *Pierce* case, supra, we certified certain questions to the Supreme Court, which were answered in the case of *Pierce* v. *State,* supra. We are asked that the decision of this court in the *Pierce* case, supra, be overruled on the ground that it is in conflict with the ruling of the Supreme Court in the *Pierce* case, supra. This is declined for the reason that our interpretations of the statute involved are not in conflict with the ruling of the Supreme Court thereon. This assignment shows no reversible error.

■ Special ground 5 assigns error on a ground pertaining to a continuance. It is not necessary to discuss this ground, since the case is being reversed.

Neither will we discuss the case insofar as the evidence pertaining to the general grounds is concerned.

The court erred in overruling the motion for a new trial for the reasons set out in division 3 of this opinion.

Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232), this case was considered and decided by the court as a whole.

*Judgment reversed. Sutton, C. J., MacIntyre, P. J., and Parker, J., concur. Felton and Townsend, JJ., concur specially.*

FELTON and TOWNSEND, JJ., concurring specially. The answer of the Supreme Court in *Pierce* v. *State*, supra, to the certified questions, being contrary to our position, and since we did not participate in the subsequent decision of that case by this court, which was required as rendered by this court in order to conform to the answer of the Supreme Court, we concur specially in division 4 hereof. This we do without criticism of the Supreme Court or the Judges of this court who share its views, but in order to avail ourselves of this our first opportunity since the rulings of the Supreme Court and of this court in the *Pierce* case to state our position on the construction of the statutes involved.

We do not think that the legislature by the "Revenue Act to Legalize and Control Alcoholic Beverages and Liquors" intended to provide that any prohibition law or any law relating to the beverages legislated about in the act should be effective in a dry county except the Code, § 58-201, as amended by the new act to permit possession of one quart of legally stamped liquor in a dry county. All of the remainder of the act was intended to be of force only in wet counties. Section 4 of the act provides: "The license hereinafter provided for and the tax levied on the manufacture, sale, and distribution of distilled spirits and alcohol, as authorized by this Chapter, is authorized only in those counties in which a majority of those voting at an election, to be held for the purpose, vote in favor of taxing and controlling alcoholic beverages and liquors as hereinafter provided for." Ga. L., Ex. Sess., 1937-1938, p. 105; Code, Ann. Supp., § 58-1002. Section 4 further provides: "If at such election a majority of the votes cast shall be against the taxing and legalizing and controlling of alcoholic beverages and liquors, the manufacture,

distribution, and sale of same in such county shall be prohibited as is now provided by law." Ga. L., Ex. Sess. 1937-1938, pp. 105, 106; Code, Ann. Supp., § 58-1009. Section 23 B of the act provides: "It shall not be unlawful for any person to have and possess for use and not for sale, in any county of the State, one quart of the liquors and beverages described in this Chapter, which may have been purchased by the person for use and consumption from a lawful and authorized retailer and properly stamped, and this section shall be construed to repeal any and all laws in conflict with this section and Chapter as herein expressed." Ga. L., Ex. Sess. 1937-1938, p. 122; Code, Ann. Supp., § 58-1073. Section 27 provides: "Any person found in possession or control of more than one quart of spirituous, vinous, or alcoholic liquor, in any county of this State (except such counties in which liquor may be legally sold or transported under the terms of this Chapter) shall be guilty of a misdemeanor and, upon conviction, punishable as in cases of misdemeanors. The fact that such person may have a license or liquor stamps shall be no defense in such prosecutions, where said liquor is carried into a county to which the terms of this Chapter do not apply, and wherein liquor is not legalized under the terms of this Chapter." Ga. L., Ex. Sess. 1937-1938, p. 123; Code, Ann. Supp., § 58-1077. "It is the purpose and intent of section 58-1077 to maintain the present prohibition law against liquor and alcoholic beverages in those counties of this State not specially exempted from the provisions of the prohibition law under this Chapter; and to provide for the trial and conviction of persons guilty of selling or possessing such liquor in such counties, as is now provided by law unless exception is made herein, prior to the passage of this Chapter, and it is the purpose and intent of said section to provide that the prohibition law is not repealed in Georgia, except in the counties which have by a majority vote voted this Chapter into operation." Ga. L. Ex. Sess., 1937-1938, p. 123; Code, Ann. Supp., § 58-1078. It is clear to us that under the express provisions of the act the only law applicable in a dry county is the old law (§ 58-201) as amended by the act. It is true that section 11, c, provides: "The possession of any distilled spirits or alcohol by any person which does not bear the tax stamps provided for herein shall be un-

lawful, and such distilled spirits or alcohol shall be subject to seizure by any peace officer, or agent of the Revenue Commissioner, and the offender shall be guilty of a misdemeanor and upon conviction shall be punished as such." Ga. L. Ex. Sess. 1937-1938, p. 117; Code, Ann. Supp., § 58-1056. However, the entire section applies only to wet counties and it was the intention of the legislature to make it an offense to possess liquor without stamps in a wet county only because it was so indicated by every word on the subject and by the context of this provision. By the provisions of the act it cannot become operative in a dry county. It requires a vote of the people in any county to repeal the old prohibition law and put the new law into operation (sec. 27). As further supporting this view, section 11, d, provides: "The sale or purchase of any distilled spirits or alcohol as defined in this Chapter, by any person,. which does not bear the tax stamps provided for herein shall be unlawful, and the offender, buyer or seller, or both, shall be guilty of a misdemeanor and upon conviction . . punished as such." Ga. L. Ex. Sess. 1937-1938, p. 117; Code, Ann. Supp., § 58-1057. Our view is that this section applies only to wet counties because the context so shows and the act states that it amends the old law (which we contend applies to dry counties and is the only law that does) in one particular only. Section 11, d, makes it unlawful for one to purchase liquor without stamps. It is not illegal under the old law to purchase liquor and therefore if this section applies to dry counties, the old law is amended in another particular, to-wit, making it illegal to buy liquor in a dry county. So if the new law as well as the old applies in a dry county as held by the Supreme Court, the old law is amended in several particulars instead of just one as expressly stated in the act. So much for section 11, c, Ga. L. Ex. Sess. 1937-1938, p. 117; Code, Ann. Supp., § 58-1056.

The Supreme Court also held that section 27 (Code, Ann. Supp., § 58-1077), applies to legally stamped liquor, the implication being that it is a violation of the act in question to possess more than a quart of legally stamped liquor in a dry county, as a separate offense from that of merely possessing whisky (not legally permitted by the one stamped quart amendment). It is our view that this section is simply a partial restatement of the

old law as amended by the act, and the section does not confine the prohibition therein to stamped liquor because it expressly says that if more than a quart is possessed stamps constitute no defense. The section therefore makes it illegal to possess more than a quart whether it is stamped or not. The implication of the ruling by the Supreme Court is that one possessing two quarts of stamped whisky in a dry county is guilty of possessing whisky under the old law as amended, and also of possessing more than a quart of stamped whisky. We think both of these so-called offenses are identically the same and that the only real offense under the law is possessing whisky under the old law as amended. Possession of whisky without stamps is the only offense one can commit in a wet county so far as possessing it is concerned. What good reason is there for making the possession of whisky in a dry county two offenses? The same question as to selling and transporting?