### 34507. SULLIVAN v. THE STATE.

Decided March 10, 1953.

744

*Pittman & Greene,* for plaintiff in error.

*Erwin Mitchell, Solicitor-General, Beverly Langford, Assistant Attorney-General,* contra.

CARLISLE, J. In *Fitzgerald* v. *State,* 82 *Ga. App.* 521, 527 (61 S. E. 2d, 666), in construing language almost identical with that in count 1 of the present indictment, this court held the accusation in that case to specifically charge a violation of Code (Ann. Supp.) § 58-1077; and the court also held in that case that, where the evidence demanded the finding that the liquor possessed and controlled by the defendant was non-tax-paid and was possessed and controlled in a dry county, a verdict of guilty of violating Code (Ann. Supp.) § 58-1077 was unauthorized, citing *Pierce* v. *State,* 200 *Ga.* 384 (37 S. E. 2d, 201), and the same case in 73 *Ga. App.* 627 (37 S. E. 2d, 431). The evidence in the present case demanded a finding that all the liquor which the defendant was charged with possessing in a dry county was non-tax-paid, and the verdict finding him guilty of a violation of Code (Ann. Supp.) § 58-1077 was unauthorized. The language of the indictment in *Pierce* v. *State,* supra, which this court held to state a violation of Code § 58-201, and not a violation of Code (Ann. Supp.), § 58-1077, was materially different from that used in the *Fitzgerald* case and the present one.

While there was ample evidence to authorize the jury to find that the defendant was guilty of possessing non-tax-paid liquor as charged in count 2 of the indictment, the jury returned a general verdict of guilty, which meant, under our law, guilty of both of the separate and distinct offenses charged in the in-

dictment. *Driver* v. *State*, 112 *Ga.* 229 (4) (37 S. E. 400). Since, as we have indicated, a verdict of guilty under count 1 was not authorized, the general verdict cannot stand, and the trial court erred in overruling the motion for a new trial. *Simmons* v. *State*, 162 *Ga.* 316 (134 S. E. 54), and citations. See especially *Tooke* v. *State*, 4 *Ga. App.* 495 (3) (61 S. E. 917).

Since the case must be remanded for a new trial, and the alleged error in the charge of the court is not likely to recur on such new trial, we do not here consider special ground 1 of the motion for new trial.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*