## 36039. HORNE *v.* THE STATE.

CARLISLE, J. 1. A recital in a bill of exceptions that the trial court overruled a demurrer, that exception was taken to such ruling, and such ruling is assigned as error, is sufficient, when the demurrer is specified as a part of the record and discloses the objections made against the accusation. *McGregor* v. *Third National Bank of Atlanta*, 124 *Ga.* 557 (3) (53 S. E. 93); *Toomey* v. *Read & Gresham*, 133 *Ga.* 855 (1) (67 S. E. 100). The suggestion of counsel for the State that the assignment of error be not

considered for failing to state the grounds of the demurrer is without merit.

2. Where non-tax-paid whisky is possessed in a "dry" county of this State, the possessor is chargeable with the commission of two offenses. One offense is that of possessing non-tax-paid whisky in violation of Code (Ann. Supp.) § 58-1056, a revenue measure; and the other offense is the possession of whisky in a dry county in violation of Code § 58-201. *Pierce* v. *State*, 200 *Ga.* 384 (37 S. E. 2d 201); *Pierce* v. *State*, 73 *Ga. App.* 627 (37 S. E. 2d 431); *Roberson* v. *State*, 73 *Ga. App.* 682 (37 S. E. 2d 712); *Roberson* v. *State*, 76 *Ga. App.* 25 (44 S. E. 2d 924); *Fitzgerald* v. *State*, 82 *Ga. App.* 521 (61 S. E. 2d 666). The trial court, consequently, did not err in overruling the demurrer to the accusation upon the ground that the accusation charged the defendant twice with the same offense. The request of counsel for the defendant that the decision of this court in the *Pierce* case, supra, be overruled is denied.

3. A ruling on demurrer to an accusation cannot be made a ground of a motion for a new trial. *Walker* v. *McMillen*, 83 *Ga. App.* 257 (63 S. E. 2d 250). Special ground 1 of the motion for a new trial is, consequently, not considered.

4. Where, upon the trial of one charged with possessing non-tax-paid whisky in a dry county of this State, the only *direct* evidence of the defendant's possession of the whisky comes from a witness who, the jury was authorized to find, had been impeached, and the trial court properly instructed the jury on the law of impeachment, it was error requiring the grant of a new trial for the trial court to fail to instruct the jury on the law of circumstantial evidence. It appears from the evidence in this case that at the time of his arrest, the defendant was riding in the front seat of an automobile, sitting between the owner of the automobile and another person. A quantity, about seventy-five gallons, of non-tax-paid whisky was found in the rear compartment of the automobile and the trunk of the automobile. Presumptively the whisky found in the automobile belonged to the owner of the automobile who was driving the car. *Arnold* v. *State*, 85 *Ga. App.* 366 (69 S. E. 2d 615), and citations; *Miller* v. *State*, 73 *Ga. App.* 810 (38 S. E. 2d 180). The only direct evidence against the defendant was the testimony of the owner of the automobile that the whisky belonged to the defendant. Under the evidence and the court's charge to the jury that witness could have been impeached by the jury. In the event the jury did find that that witness had been impeached the jury was left to decide the defendant's guilt or innocence entirely from circumstantial evidence without any instruction upon the law of circumstantial evidence. This, we think, under the circumstances of this case was error.

5. The remaining assignment of error, complaining of the trial court's instruction in answer to a query from the jury, is not considered, as the alleged error is not likely to recur upon another trial.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

Decided February 20, 1956.

*A. J. Whitehurst*, for plaintiff in error.
*Marcus B. Calhoun, Solicitor*, contra.