## 23364. STATE OF GEORGIA v. RESOLUTE INSURANCE COMPANY et al.

CANDLER, Presiding Justice. On January 22, 1965, Leroy James Mauldin, as principal, and Resolute Insurance Company, as surety, executed a bond in the sum of $10,000 payable to Carl E. Sanders, Governor of Georgia, and his successors in office, conditioned on the appearance of the principal at the January, 1965, term of Fulton County Superior Court from day to day and from term to term to answer an indictment charging him with the commission of a felony—possession of burglary tools. Mauldin did not comply with the condition of his bond and on March 15, 1965, proceedings to forfeit

it were instituted and on May 20, 1965, a final judgment was rendered against him and his surety for $10,000 and costs. No attack is here made on the validity of that judgment. On September 22, 1965, and pursuant to Section I of an Act approved March 20, 1943 (Ga. L. 1943, p. 282; *Code Ann.* § 27-904) Resolute Insurance Company filed a motion in the Superior Court of Fulton County in which it prayed for an order relieving it of the penalty of the bond it had signed as surety for Mauldin. Its petition alleges that it apprehended Mauldin and surrendered him to the Sheriff of Fulton County on September 18, 1965; that it tendered to such sheriff all accrued costs and on the filing of its motion, paid into court all costs which had accrued to that time. Pursuant to a rule nisi, the solicitor general was served with a copy of the petition and demurred to it on the ground that Section I of the 1943 Act (the Act upon which movant relies for relief) is invalid because it offends Art. III, Sec. VII, Par. VIII of Georgia's Constitution (*Code Ann.* § 2-1908) which provides that no law shall pass which refers to more than one subject matter, or contains matter different from what is expressed in the title thereof. The basis for this attack is that the clause in Section I which reads ". . . and the court shall, after final judgment, relieve the sureties of the penalty of the bond upon surrender of the principal and payment of the costs" is a subject matter different from the one the legislature was dealing with and is matter not expressed or referred to in the caption of the Act. The demurrer also attacks Section I of the Act on the further ground that the above-quoted portion thereof rendered it vague, indefinite, uncertain in meaning, contradictory in its terms and therefore void and inoperative. The demurrers were overruled. The parties stipulated that the facts alleged in the motion were true and the court granted the relief prayed for and thereby relieved movant of any liability to pay the forfeiture judgment. The State in due time filed notice of appeal to this court. *Held:*

1. In *Fields v. Arnall,* 199 Ga. 491 (3) (34 SE2d 692) this court held that the aforementioned Act of 1943 did not offend that provision of this State's Constitution which inhibits the passage of legislation containing more than one subject matter (*Code Ann.* § 2-1908). That decision was rendered by only five Justices and appellant has asked that it either be over-

ruled or not followed in the instant case. We have re-examined that case and after doing so have reached the conclusion that the decision rendered therein is sound; and being of that opinion, it will be adhered to and followed in this case.

2. The demurrer also attacks the validity of Section I of the 1943 Act on the ground that it contains matter not referred to in the caption thereof. This contention is untenable. The subject matter of the Act is penal bonds and relief which courts are required to grant sureties on such bonds when they surrender their principals and pay accrued costs. The caption of the Act reads in part: "to provide for surrendering of the principal, costs . . . to relieve penalty of bond and for other purposes." This was sufficient to put members of the General Assembly on notice that the Act contained matter requiring the courts to relieve sureties from their liability on appearance bonds when they surrender their principals and pay accrued costs, either before or after final forfeiture judgments. The caption of an Act need only indicate the general object and subject matter to be dealt with therein and broad enough to protect the people against covert or surprise legislation. *Bray v. City of East Point*, 203 Ga. 315, 317 (46 SE2d 257). It was never intended that the substance of an Act should be set forth in the caption, nor that every detail stated in the body thereof be mentioned in the title; if what follows after the enacting clause is definitely related to what is expressed in the caption, if it be naturally connected therewith, and relates to the main object or subject matter of the legislation and is not in conflict therewith, there is no infringement of the constitutional inhibition of including within the Act matter not referred to in the caption. *Cady v. Jardine*, 185 Ga. 9 (193 SE 869).

3. Section I of the 1943 Act provides: "Bail may surrender their principal in vacation to the sheriff, or in open court, in discharge of themselves from liability, and such privilege shall continue to the last day of the term, without liability for costs for a forfeiture of the bond. After forfeiture, and before final judgment, the bail may, at any time, surrender their principal, upon payment of all costs accruing up to that time. The death of the principal at any time before final judgment shall be equivalent to a surrender, and the court shall, after final judgment, relieve the sureties of the

penalty of the bond upon surrender of the principal and payment of the costs." It is alleged and argued that this section of the Act is void and inoperative because its provisions are vague, indefinite, uncertain in meaning and contradictory of each other. This position is obviously and manifestly without merit. It unquestionably confers upon the surety a legal right to be relieved from the penalty of the bond, after final judgment, upon surrender of the principal and payment of all accrued costs and this court so held in *Fields v. Arnall*, 199 Ga. 491, supra.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 16, 1966—DECIDED FEBRUARY 23, 1966.

*Lewis R. Slaton,* Solicitor General, *J. Walter LeCraw, Amber W. Anderson,* for appellant.

*Harry S. McCowen,* for appellee.