24457. BARNES v. BARNES.

SUBMITTED JANUARY 8, 1968—DECIDED FEBRUARY 12, 1968.

*Albert E. Butler,* for appellant.

*J. H. Highsmith,* for appellee.

MOBLEY, Justice. The issue in this case is the ownership of a tract of land of 35 acres. The proceeding was instituted by an equitable petition of Margaret Barnes, seeking to enjoin Murray Barnes from trespassing on a portion of her described property, consisting of 242 acres, more or less. The defendant in his answer and cross action denied that he was trespassing on any land of the plaintiff; and asserted that he was the owner of 35 acres of land, described in his answer, under a deed from M. M. Barnes, the father of the parties, dated February 22, 1958, and recorded August 28, 1958, in which the grantor reserved a life estate. He prayed that title to this tract of land be decreed in him. The defendant claims that upon the death of his father on December 7, 1964, the full fee simple title to the 35 acres vested in him. The plaintiff claims title under a deed from her father dated May, 1962, purporting to convey fee simple title to 242 acres of land, more or less, which she asserts includes the 35 acres in dispute. She also claims that a deed from her father to her, dated February 22, 1958, conveying 225 acres, more or less, included the 35 acres involved in this litigation.

At the close of the evidence the plaintiff made a motion for directed verdict, which the court denied. The jury returned a verdict in favor of the defendant, and judgment was entered decreeing title to the tract in him. The plaintiff filed a motion for judgment notwithstanding the verdict, which was denied, and a motion for new trial on the general and other grounds, which was also denied. The appeal is from those judgments.

■ The first enumeration of error is that the court erred in denying the plaintiff's motion for directed verdict, which was on the ground that there was a fatal variance between the description in the deed relied upon by the defendant for title and the description in his cross action, and that there was no evidence to support the verdict.

The defendant's answer and cross action described the land as follows: "All that tract or parcel of land situate, lying and being in the Fourth Land District of Appling County, Georgia, consisting of 35 acres, more or less, of lot of land No. 22, being now or formerly bound: North by lands of Dennis Smart, a road dividing; east by a public road known as old Highway No. 99, dividing from lands of Margaret Barnes; south by an established line which runs along a fence dividing from lands of Margaret Barnes and other lands of Murray Barnes, and west by an established line which is marked by a fence dividing from other lands of Murray Barnes. Said established west and south boundary lines are more particularly described as follows: Commencing at the northwest corner of a tract of land shown on the plat by M. E. Nixon dated May 10, 1962, attached to plaintiff's petition as 'Exhibit B', thence south 6 degrees west along a wire fence a distance of 19.70 chains; thence south 89 degrees 30 minutes east along a wire fence to what is known as old Highway No. 99."

The deed dated February 22, 1958, from M. M. Barnes to the defendant, described the land as follows: ". . . all that tract or parcel of land lying and being in the 4th land district of Appling County Ga. containing thirty-five (35) acres more or less of lot number 22 in said dist. bounded as follows: On the north by Dennis Smart, on south by lands of Margrett Barnes, on east by lands of Margrett Barnes on west by other lands of Murray Barnes."

We are of the opinion that the evidence was sufficient to support a decree of title in the defendant to the property as described in his answer and cross action. The deed was introduced in evidence as proof of the allegation that the defendant had acquired title to the land as described in his cross action, and extrinsic evidence was offered in proof of the additional details of description, such as courses, distances, fences, road, etc., alleged in the cross action.

The description in the deed, giving the number of acres in the tract, in Lot 22 of the 4th Land District, Appling County, Georgia, and bounded on four sides by named adjoining landowners, was a sufficient description. *Deaton v. Swanson,* 196 Ga. 833 (28 SE2d 126). "It is an established principle in this State, that the description of the property conveyed in a deed is sufficiently certain when it shows the intention of the grantor as to what property is conveyed and makes its identification practicable *(Price v. Gross,* 148 Ga. 137 (2) (96 SE 4); *Crider v. Woodward,* 162 Ga. 743, 748 (135 SE 95)), and that in such instance the identification may be supplied by extrinsic evidence. *Hancock v. King,* 133 Ga. 734 (66 SE 949); *Reeves v. Whittle,* 170 Ga. 408 (153 SE 53)." *Holder v. Jordan Realty Co.,* 170 Ga. 764 (1a) (154 SE 353).

The defendant put in evidence a plat of the lands of M. M. Barnes which showed the 35-acre tract in controversy, showing that it was in Land Lot 22, and bounded as alleged in the cross action. A witness testified that the plat was a true representation of the lands of M. M. Barnes. He also testified that when he lived on the 35-acre tract from 1954 to January, 1960, it was completely enclosed by fence. The defendant, Murray Barnes, testified that his father deeded him a tract of 125 acres in the 1940's, bounded on the east by other lands of his father, and separated by a fence which had been there 30 or more years, and that his father deeded him the 35-acre tract in 1958, which was bounded on the west by his 125-acre tract and separated by a fence; that it was bounded on the north by lands of Dennis Smart, on the west and south by lands of Margaret Barnes, given her by their father, all as shown by the plat referred to above.

From a plat introduced by the plaintiff (P-1), which was identified by the surveyor who made it, and which was drawn to scale, the exact distances and courses of the north and west boundaries were shown, and by consideration of the surveyor's plat and a plat introduced by the defendant (D-1), with the testimony that D-1 was a true representation of the 35-acre tract, the courses and approximate distances of the south and east boundaries could be determined by the jury.

The foregoing evidence, with other evidence in the case, was

sufficient to carry the issue to the jury and to support the verdict. The court did not err in denying the plaintiff's motion for directed verdict (assigned as error in Enumeration of error 5), or in denying the motion for judgment notwithstanding the verdict (assigned as error in Enumeration of error 6) and the motion for new trial on the general grounds, as they make the same complaint as the motion for directed verdict.

■ Enumeration of error 2 alleges that the trial court erred "by charging the preponderance of the evidence rule as to the plaintiff without charging it as to the defendant's cross bill." The court charged that the burden rests upon the plaintiff to satisfy the jury of the truth of her case by a preponderance of the evidence, and charged what constitutes a preponderance of the evidence. He did not charge specifically that the burden was upon the defendant to prove his cross action by a preponderance of the evidence, but he further charged as follows: "Where in the opinion of the jury the evidence be equally balanced on both sides, where the jury believes the witnesses on each side equally credible, and where the jury believes the evidence is as strong on the one side as it is on the other, then a preponderance of evidence would not have been carried, and in such case it would be the duty of the jury to find in favor of the opposite party from that party who is seeking to carry, or affirm, or to assert a fact in the trial of the case. The burden of proof generally lies upon the party asserting or affirming a fact, and to the existence of whose contention, the proof of such fact be essential. If a negative or a negative affirmative be so essential, the proof of such negative would lie on the party so affirming or asserting."

The court in effect charged that the burden of proof was upon the defendant to prove the allegations of his cross action as to his ownership of the property by a preponderance of the evidence, under the instructions of the court as to what constitutes a preponderance of the evidence.

Furthermore, if the plaintiff was not satisfied with the general charge on the subject of burden of proof and preponderance of evidence, it was incumbent upon him to make a timely written request for a charge on the subject. See *Askew v. Amos,* 147 Ga. 613 (5) (95 SE 5); *Felder v. Roberts,* 160 Ga. 799 (4) (129 SE

99); *Rudulph v. Brown,* 161 Ga. 319, 328 (5) (130 SE 559); *Hyde v. Chappell,* 194 Ga. 536, 541 (22 SE2d 313), and cases cited. This ground is without merit.

■ Enumeration of error 3 complains of the court's charge to the effect that tax returns are not muniments of title or evidence of title. The complaint is that, while the charge "is a correct statement of the law," since the tax returns were in evidence, the court should have charged "that tax returns could be considered to throw light on the claims, or intentions of the parties." There was no objection to the charge on this ground, as required by Ga. L. 1966, pp. 493, 498 (*Code Ann.* § 70-207), and no request for more specific charge. This ground is without merit.

■ The fourth enumeration of error is not clear, and we are unable to determine what the complaint is. However, counsel for the plaintiff in his brief sets out five pages of the charge, and at the conclusion thereof quotes his exception to the charge made to the trial court, which was: "In your request for charge you charged, 'If the key that Murray Barnes had in 1958, held a key sufficient to identify this property, then his deed would be good,' or something to that effect. In other words in the request for charge, it attempts to charge the law on ways that the jury could find that the 1958 deed of Murray Barnes was sufficient; now since the court has charged that, there is evidence, also a deed by Margaret Barnes made in 1958, on the same date, that also has in its description such as could possibly be the same property that is in dispute here, and I feel that since the court has charged this in regards to the defendant's 1958 deed, that the same charge would apply to her. I just want to take exceptions to it."

The record shows that after the objection, the court called the jury back and charged them: "I charge you that anything I have previously charged you in respect to description in deeds applies to all deeds." This charge was sufficient in the absence of a request of counsel for more specific charge.

*Judgment affirmed. All the Justices concur.*