43655. STEELE v. THE STATE.

EBERHARDT, Judge. The defendant was charged in one count with the possession of 42 gallons of nontax-paid whiskey (see Code § 58-201, Code Ann. §§ 58-1046 (7) (b), 58-1078), and in another with the possession of 3 gallons of tax-paid whiskey in Washington County (see Code Ann. § 58-1077), it being one of the counties of the State in which the possession of more than one quart of tax-paid whiskey is unlawful.[1] From a conviction on both counts defendant appeals. Held:

1. The verdict was amply authorized by the evidence.
2. The court charged that the defendant was being tried for the offenses of possessing nontax-paid whiskey, and of "possessing tax-paid whiskey in excess of the amount prescribed by law, to wit: one quart in a dry county." There is no merit in the contention that the court failed to instruct the jury concerning the elements of the offenses or to give them guidelines for their deliberation in determining the guilt or innocence of the

[1]These charges are separate offenses. Pierce v. State, 200 Ga. 384 (37 SE2d 201); s.c., 73 Ga. App. 627 (37 SE2d 431); Roberson v. State, 76 Ga. App. 25 (44 SE2d 924); Fitzgerald v. State, 82 Ga. App. 521 (6) (61 SE2d 666); Sullivan v. State, 87 Ga. App. 743 (75 SE2d 182); Horne v. State, 93 Ga. App. 345 (2) (91 SE2d 824). No contrary contention was made or urged in the trial court and none has been urged on this appeal.

defendant. If more detailed instruction were desired it should have been timely and properly requested. *Barnes v. Barnes,* 224 Ga. 92 (3) (160 SE2d 391); *Gilmore v. State,* 117 Ga. App. 67 (1) (159 SE2d 474).

3. (a) There was no error in admitting a search warrant under which the defendant's home was searched for nontax-paid and for tax-paid whiskey over the objection that in the copy of the warrant served on the defendant the name of the county was omitted from that portion directing it to "the Sheriff and his lawful deputies of_____County, and to all and singular the Sheriffs, Deputy Sheriffs, Constables, Georgia Bureau of Investigation Agents, State Patrolmen, State Revenue Agents, City and County Police officers of said state." Both the warrant and the copy served on the defendant were filled out in an officer's handwriting. The name of the county appeared in the original, and its omission from the copy of the warrant was a mere technical irregularity which did not affect the substantial rights of the accused. *Code Ann.* § 27-312; Ga. L. 1966, pp. 567, 571.

(b) The place to be searched was described in the affidavit as "Robert Steele home, Railroad Avenue in Washington County, Georgia," and in the warrant as "Robert Steele home on Railroad in Washington County, Georgia." This was a sufficient specificity of the premises to meet the requirement of the Constitutional provision. *Code Ann.* § 2-116. The scope of the search was thus limited to the defendant's home. "It is enough if the description is such that the officer with a search warrant can, with reasonable effort, ascertain and identify the place intended." Steele v. U. S., 267 U. S. 498, 503 (45 SC 414, 69 LE 757). And see Sparks v. U. S., 90 F2d 61 (6); U. S. v. Klaia, 127 F2d 529 (2); Fine v. U. S., 207 F2d 324; Gregory v. U. S., 237 F2d 727. Cf. McGinnis v. U. S., 227 F2d 598, 602.

(c) The affidavit asserted as a ground for the issuance of the warrant that a "reliable informer said he had purchased whiskey from there today." The objection to admission of the warrant on the ground that the affiant had testified (on cross examination) that he did not know whether the informer associated with the best of people, or the reputation that he bore in the community where he lived for being reliable, and that he did not regard the informer as a "high class citizen associating with the best citizens," was without merit. The

officer testified that he had used the informer a number of times, that his information had always been good, and that he regarded him as being reliable as an informer. There is no requirement of law that an informant be a "high class citizen," or that he "associate with the best of people." These matters do not necessarily affect his reliability. Cf. *Morgan v. State*, 211 Ga. 172, 177 (3) (84 SE2d 365).

(d) The warrant being admissible, it follows that testimony of the officers who conducted the search as to the whiskey found on the premises, and the whiskey, so identified, was admissible.

*Judgment affirmed. Whitman, J., concurs. Felton, C. J., concurs specially.*

SUBMITTED MAY 6, 1968—DECIDED SEPTEMBER 19, 1968— REHEARING DENIED OCTOBER 1, 1968—

*Casey Thigpen,* for appellant.

*Thomas A. Hutcheson, Solicitor,* for appellee.

FELTON, Chief Judge, concurring specially. This court has in several cases made the same ruling made in this case, which ruling I think is contrary to the liquor laws and the constitutional provision against double jeopardy. Here the defendant is clobbered with double jeopardy in *one* trial, which is a switch! See the dissent of Felton and Townsend, JJ., in *Roberson v. State,* 76 Ga. App. 25, 28-31 (44 SE2d 924). All cases by this court allowing double punishment for the same offense should be overruled. There are two liquor laws in Georgia, one applicable to dry counties and one to wet. Since the "wet" law cannot apply in a dry county, one cannot be convicted of violating the "dry" law in a dry county and in the same case be convicted of violating the "wet" law in the dry county.