25366. GEE v. THE STATE.

ARGUED SEPTEMBER 8, 1969—DECIDED NOVEMBER 6, 1969.

*Greer, Sartain & Carey, Jack M. Carey,* for appellant.

*Jeff C. Wayne, District Attorney,* for appellee.

MOBLEY, Presiding Justice. The appellant was indicted, tried, and convicted on two counts alleging violation of the Georgia Drug Abuse Control Act (Ga. L. 1967, pp. 296, 343; *Code Ann. Ch.* 79A-9), the first count alleging that he did sell and deliver to a named person, amphetamine, a stimulant drug, on November 21, 1968; and the second count alleging that on the same date he possessed the same drug. The jury fixed his sentence at five years on the first count, and one year on the second. He was sentenced to serve the two terms consecutively.

His motion for new trial on the general and seven special grounds was denied, from which judgment he appealed, enumerating as error the denial of his motion for new trial on all grounds.

■ The first enumeration of error is that the court erred in refusing to disqualify two panels of jurors, which were put upon this appellant, because the trial judge on a plea of another person to several violations of the same law which the appellant was charged with violating, fixed a sentence of eight years, all

in the presence of these jurors. This incident is not likely to happen on another trial and it is unnecessary to pass on this ground, since a new trial is required on another ground.

■ Error 2 alleges that Georgia Laws 1967, pp. 296-380, and especially *Code Ann. Ch.* 79A-9, violates the Constitution of Georgia because the body of the Act contains matters not expressed in the title. The contention is that the caption does not provide for the defining of a depressant or stimulant drug, or any method of determining what shall constitute a depressant or stimulant drug.

The caption of the Act includes the following pertinent language: "to state the purposes of this enactment; to define the terms used in this Act; . . . to regulate the sale of dangerous drugs and to define dangerous drugs. . ." The provision, "to define the terms used in this Act," includes a definition of "depressant and stimulant drugs." The caption of the Act need only indicate the general object and subject to be dealt with therein and be broad enough to protect the people against covert or surprise legislation. *Cady v. Jardine*, 185 Ga. 9 (193 SE 869) ; *Bray v. City of East Point*, 203 Ga. 315, 317 (46 SE2d 257) ; *State of Ga. v. Resolute Ins. Co.*, 221 Ga. 815 (2) (147 SE2d 433). This ground is without merit.

■ Error 3 alleges that the court erred in trying these cases against the appellant as felonies when under Ga. L. 1967, pp. 296-380 (*Code Ann.* §§ 79A-901—79A-904) they are only misdemeanors.

*Code Ann.* § 79A-903 (b) defines a depressant or stimulant drug as: ". . . 2. Any drug which contains any quantity of (A) amphetamine . . . ; (B) any salt of amphetamine. . . ." Section 79A-9915 provides: "(a) Any person who shall violate any of the provisions of Chapter 79A-9 relating to depressant and stimulant drugs and counterfeit drugs or the rules and regulations promulgated thereunder shall be guilty of a felony, . . ." This section plainly and specifically makes the offenses charged in this indictment felonies. *Code Ann.* § 79A-702 (a) does not, as contended by the appellant, require a different conclusion.

■ Error 4 complains that the court refused to permit coun-

sel for the appellant to cross examine a witness as to his knowledge as to certain warrants that were taken against the appellant during the investigation.

During the cross examination of G. B. I. Agent Johnson the court permitted counsel for the appellant to ask the witness if he took out a warrant against the appellant, to which he answered that he did not remember. Counsel then asked him, "Well, I show you a criminal warrant against George Gee for possessing dangerous drugs, dated November 21—the date of the alleged possession—and ask you whether or not you took that warrant or R. M. Clark?" The court sustained the objection to this question on the ground that the warrant was the highest and best evidence.

The warrant would show who took it out, and it was the highest and best evidence of whether the witness took it out. *Sherman v. State*, 2 Ga. App. 148, 150 (58 SE 393); *Cain v. State*, 113 Ga. App. 477 (2) (148 SE2d 508). The court did not err in sustaining the objection to the question.

Counsel for the appellant followed the above question with the question: "In reference to this investigation, I'll ask you whether or not you ever took a search warrant in reference to George Gee or George Gee's place?" The witness answered, "There was a search warrant taken for the station, yes, sir." Question: "And it was because of this alleged buy that you made on November 21, was it not?" The objection to the question, on the ground that the warrant was the highest and best evidence, was sustained by the court. Counsel for the appellant stated that he sought to impeach this witness because the search warrant stated that he bought seven pills, whereas this witness had testified that he bought five pills. Counsel stated that he did not wish to introduce the search warrant in evidence.

The search warrant would be the highest and best evidence of whether it was obtained on the basis of the purchase of November 21, and the judge did not err in sustaining this objection to the question.

■ Error 5 alleges that the court erred in failing to require the State to elect upon which count of the indictment it would

proceed, in holding that the transaction constituted two separate crimes, and in imposing two separate sentences after conviction. It is contended that the count charging possession of the drugs was merged in the count charging sale of the drugs, since the counts involved the possession and selling of the identical drugs, and constituted in law and fact only one offense.

The question made by this assignment of error requires the application of the constitutional prohibition against double jeopardy for the same offense, and involves the same question of identity of offenses which is involved in cases pertaining to former jeopardy.

In 22 CJS 713, Criminal Law, § 278 (1) it is stated that there is great diversity of judicial decision on the question of former jeopardy, and that the courts are "in hopeless, or endless, conflict when it comes to a solution of the problem of identity of offenses, although they ordinarily agree as to the general principles, the difficulty, or lack of harmony, being in applying them to the facts; . . ."

This court in *Harris v. State*, 193 Ga. 109, 114 (17 SE2d 573, 147 ALR 980), pointed out that confusion exists in the decisions of this court with reference to the test for determining former jeopardy. In the *Harris* case this court defined the "same evidence" test and the "same transaction" test, and concluded that this court applied the same transaction test, although applying elements pertaining to the same evidence rule. The court held that "in order for the transaction to be the same, it must be identical both as a matter of fact and as a matter of law." P. 117. It was further stated that: "Under the general principle of the same transaction test, the plea is ineffective if the offenses charged in the two indictments, though relating to the identical transaction, are legally separate and distinct. The courts of this State and the textwriters have recognized that a single act may constitute two or more distinct and separate offenses." P. 118. These rulings in the *Harris* case were quoted with approval in *Dutton v. Smart*, 222 Ga. 35 (148 SE2d 396).

The offenses charged in the separate counts of the indictment in the present case are made separate and distinct offenses under the Georgia Drug Abuse Control Act. They are prohibited

by § 79A-904 (Ga. L. 1967, pp. 296, 346), subsection (b) prohibiting the sale of a depressant or stimulant drug in violation of § 79A-907 (b); and subsection (c) prohibiting the possession of such drug in violation of § 79A-907 (c). The *sale* of a depressant or stimulant drug is prohibited except by a person in one of certain stated occupations, acting in an authorized manner. The *possession* of a depressant or stimulant drug is prohibited unless the person is engaged in one of the stated occupations listed in connection with the prohibition against selling, and unless the drug was obtained upon a valid prescription and held in the original container in which it was delivered, or such drug was delivered by a practitioner in the course of his professional practice and the drug is held in the container in which it was delivered. *Code Ann.* § 79A-907; Ga. L. 1967, pp. 296, 349. The violation of any of the provisions of Chapter 79A-9 relating to depressant or stimulant drugs is made a felony. *Code Ann.* § 79A-9915 (Ga. L. 1967, pp. 296, 377).

There are different elements present in the two crimes of selling and possessing the prohibited drugs. Proof of the illegal sale of the drugs would not prove the illegal possession of the drugs, since persons might legally possess the drugs who could not legally sell them. Proof of the illegal possession of the drugs would not prove the illegal sale of the drugs. Neither offense is a necessary element in, and constitutes an essential part of, the other offense. See *Bell v. State,* 103 Ga. 397 (30 SE 294, 68 ASR 102). They are in law separate and distinct offenses, and may be punished as separate crimes. See *Blair v. State,* 81 Ga. 629 (7 SE 855); *Smith v. State,* 105 Ga. 724 (32 SE 127); *McIntosh v. State,* 116 Ga. 543 (42 SE 793); *Pierce v. State,* 73 Ga. App. 627 (37 SE2d 431); *Roberson v. State,* 76 Ga. App. 25 (44 SE2d 924); *Fitzgerald v. State,* 82 Ga. App. 521 (61 SE2d 666); *Horne v. State,* 93 Ga. App. 345 (2) (91 SE2d 824); Albrecht v. United States, 273 U. S. 1 (9) (47 SC 250, 71 LE 505). There is no merit in this assignment of error.

■ Error 6 presents the question of whether there is any evidence to sustain the allegations of Count 2 of the indictment, which charged the appellant with unlawfully possessing "amphetamine a stimulant drug, the said accused not being a per-

son authorized so to do under the provisions of Chapter 79A-9 of the Code of Georgia Annotated and said drugs so possessed were not obtained upon a valid prescription and held in the original container in which such drugs were delivered ·and said drug was not delivered by a practitioner in the course of his professional practice and held in the immediate container in which such drugs were delivered and which possession by said accused was in violation of the Ga. Drug Abuse Control Act as defined in Chapter 79A-9 of the Code of Ga. Annotated."

There was no evidence in support of the allegations (1) that the accused was not a person authorized to possess the drugs; (2) that the drugs were not possessed under a valid prescription; (3) that the drugs were not held in the original container in which they were delivered; and (4) were not delivered by a practitioner in the course of his professional practice and held in the container in which they were delivered.

*Code Ann.* § 79A-1105 (Ga. L. 1967, pp. 296, 373) provides: "In any complaint, information or indictment charging any violation of any provision of this Title, and in any action or proceeding brought for the enforcement of. any provision .of ·this Title, it shall not be necessary to negative any exception, ·excuse, proviso or exemption contained in this Title, and the burden of proof of any such exception, excuse, proviso or exemption shall be upon the defendant."

This section places the burden on the accused to negative the exceptions alleged in the indictment. There was evidence that the appellant possessed the prohibited drug amphetamine, and he introduced no evidence to show that his possession was legal. The evidence was therefore sufficient to prove Count 2 of the indictment.

■ Error 7 complains that the court erred in charging the jury as follows: "Now this case being a felony, you would be required to fix a term of not less than one year nor more than five years but you may add—a period of one year or more than one year and add months to that one year, if you so find or determine. Now that would be the way for you to add this punishment into your verdict on Count One and on Count Two."

The statute, *Code Ann.* § 79A-9915, provides that any person

convicted of violating Chapter 79A-9, relating to depressant and stimulant drugs, shall be guilty of a felony, and if he has a previous conviction, "shall be punished by a fine of not more than $5,000 or imprisonment in the penitentiary for a period not to exceed five years or both such fine and imprisonment."

The statute makes this offense a felony and at the same time provides that he may be punished by the imposition of a fine. *Code* § 26-101 (prior to the adoption of the new Criminal Code, which does not apply to this case) defined a felony as follows: "The term felony means an offense, for which the offender, on conviction, shall be liable to be punished by death or imprisonment in the penitentiary, and not otherwise. Every other crime is a misdemeanor." The trial court obviously took the position that the definition of felony would take precedence over the specific punishment prescribed in § 79A-9915, and that a fine could not be imposed, and accordingly did not charge the jury that they might fix a fine as punishment.

"Penal statutes are always construed strictly against the State and liberally in favor of human liberty. *Matthews v. Everett,* 201 Ga. 730 (41 SE2d 148); *Glustrom v. State,* 206 Ga. 734 (58 SE2d 534); *State of Ga. v. Schafer,* 82 Ga. App. 753 (62 SE2d 446); *Moore v. State,* 94 Ga. App. 210 (94 SE2d 80). In 24 CJS 1193, Criminal Law, § 1979 it is stated: 'Statutes prescribing punishment are strictly construed, and must be construed together. They never are construed against an accused or a convicted person beyond their literal and obvious meaning. . . If a statute creating or increasing a penalty is capable of two constructions, it should be construed so as to operate in favor of life and liberty. . . Where a crime is penalized by a special law, the general provisions of the penal code are not applicable.' Further, the footnote, citing Scrinegrour v. State, 2 Pinn., Wis. 112, and People v. Hoaglin, 262 Mich. 162 (247 NW 141), states: 'Where there are two sections in a statute providing a punishment or penalty for the same act or offense, one providing a greater and the other a lesser, the section prescribing the greater is abrogated by the one prescribing the lesser. Where any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of two penalties ad-

ministered.' " *Curtis v. State,* 102 Ga. App. 790, 801 (118 SE2d 264).

Construing these conflicting provisions of the Code strictly against the State, and liberally in favor of the accused, the court's charge was error requiring the grant of a new trial.

*Judgment reversed. All the Justices concur.*