## 45517. HOOD v. THE STATE.

EVANS, Judge. This appeal is from the denial of a motion to suppress certain evidence obtained from an allegedly illegal search warrant, and the trial court granted the right of immediate review. The search warrant was directed at "Gerald Hood and others" at "Atha Rd. off Hutchins Rd. on property of William Atha, frame house located by lacke, [sic] property has a van truck and motorcycle in the yard." The probable cause stated therein was "Went to serve a dispossessory warrant and Gerald Hood's eyes were glassy and he appeared to be under the influence of drugs. There were no evidence of alcohol." *Held:*

The evidence discloses that the search warrant was obtained and executed on the same date that a sheriff and deputy sheriff had earlier obtained and served a dispossessory warrant as to the premises described in the search warrant. It was shown that the appellant, Hood, was suspected of being under the influence of drugs, because the officers could not smell whiskey on the appellant's breath although they smelled some strange substance thereon. Where the facts and circumstances known to the arresting officer are such as to warrant a man of prudence and caution in believing an offense has been committed, the quantum of evidence necessary to establish probable cause does not require proof of guilt. See Carroll v. United States, 267 U. S. 132 (45 SC 280, 69 LE 543, 39 ALR 790); Henry v. United States, 361 U. S. 98 (80 SC 168, 4 LE2d 134); Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441). The warrant, as issued, met all the requirements of the Constitutions. It was issued upon probable cause "supported by oath . . . particularly describing the place, . . . to be searched, and the persons or things to be seized." *Code* § 1-804 (Constitution of United States, Article IV) and *Code Ann.* § 2-116 (Constitution of 1945, Art. I, Sec. I, Par. XVI); *Steele v. State,* 118 Ga. App. 433 (3b) (164 SE2d 255) and citations therein.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*
SUBMITTED SEPTEMBER 15, 1970—DECIDED SEPTEMBER 30, 1970.

*Albert M. Horn,* for appellant.
*Reid Merritt, District Attorney,* for appellee.