## A02A0590. LOVAIN v. THE STATE.
### (558 SE2d 812)

ELDRIDGE, Judge.

A Whitfield County jury found Randy Blake Lovain guilty of attempted "Violation of the Georgia Controlled Substances Act, in violation of OCGA § 16-13-30, [in that he] did perform an act to wit: purchasing a piece of a nut having the appearance of a crack cocaine rock from an undercover police officer." Lovain appeals and, in his sole enumeration of error, contends that the trial court erred in sentencing him to ten years, serve four, balance probated. He claims that the indictment failed to specify that he was being charged with attempted possession of crack cocaine, a Schedule II drug, which offense carries a penalty of between two and fifteen years under OCGA § 16-13-30 (e). Lovain contends that, under the indictment, he might just as easily be guilty of attempted possession of a Schedule III, IV, or V drug under OCGA § 16-13-30 (g), which offense carries a maximum penalty of five years. He asserts that an accused is entitled to have the lesser of two penalties apply where any uncertainty exists as to which penal clause applies.

We agree with Lovain's last assertion. It has long been the law that "[w]here any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of two penalties administered."[1] Clearly, however, this is not a case where there is such uncertainty. The indictment charged Lovain with attempting to purchase a substance with the appearance of crack cocaine. The jury found him guilty of attempting to purchase such substance. Under any reading of the indictment, Lovain was trying to buy a rock of crack cocaine from an undercover officer.

Lovain's exclusive reliance on our decision in *Mallarino v. State*[2] is misplaced. The indictment in *Mallarino* failed to charge the defendant with an *amount* of cocaine greater than "28 grams or more" under OCGA § 16-13-31 (a) (1) (A); thus, the trial court was not authorized to impose a penalty for trafficking in an amount of cocaine in excess of 400 grams under OCGA § 16-13-31 (a) (1) (C). This case does not involve an "amount" of cocaine so as to impact on sentencing.

> Any person who attempts or conspires to commit any offense defined in this article [OCGA § 16-13-1 et seq.] shall be, upon conviction thereof, punished by imprisonment not exceeding the maximum punishment prescribed for the

[1] (Punctuation omitted.) *Gee v. State*, 225 Ga. 669, 676 (7) (171 SE2d 291) (1969).
[2] 190 Ga. App. 398, 399 (1) (379 SE2d 210) (1989).

offense, the commission of which was the object of the attempt or conspiracy.[3]

Here, the indictment charged Lovain with a violation of our drug laws in that he attempted to purchase what looked like a rock of crack cocaine; the jury found Lovain violated our drug laws by attempting to purchase what looked like a rock of crack cocaine; and Lovain was sentenced within the parameters of the statute which specifies the penalties for the purchase of a rock of crack cocaine.[4] There was no error.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JANUARY 14, 2002.

*Michael R. McCarthy*, for appellant.
*Kermit N. McManus, District Attorney, Susan L. Franklin, Assistant District Attorney*, for appellee.