SANDERS, Chief Justice.
The State charges Willie Seals and LeRoy Smith, the defendants, with contributing to the delinquency of juveniles, violations of LSA-R.S. 14:92. Both defendants pled guilty. The city court sentenced each to two years in the parish jail.
The defendants appeal, relying upon four assignments of error for reversal of their convictions and sentences. As we find merit in Assignment of Error No. 2, we do not reach the remaining assignments.
ASSIGNMENT OF ERROR NO. 2
The defendants assert that the City Court of Plaquemine lacked jurisdiction over a contributing to the delinquency of juveniles charge. We agree.
The City Court of Plaquemine’s criminal jurisdiction
“is limited to the trial of offenses committed within [its] respective territorial [jurisdiction] which are not punishable by imprisonment at hard labor . . . .” LSA-R.S. 13:1894.
When the State charged the defendants, the statutes contained two irreconcilable penalty provisions. . See former LSA-R.S. 14:92(C). One penalty provision provided only for a jail sentence or a fine (Act 486 of 1968), and the other, enacted as emergency legislation, subjected a defendant to a possible sentence of hard labor (Act 647 of 1968).[1]
Act 486 of 1968 provided:
“Whoever commits the crime of contributing to the delinquency of a juvenile shall be fined not more than one thousand dollars or be imprisoned in the parish prison for not more than two years, or both.”
Act 647 of 1968 provided:
“Whoever commits the crime of contributing to the delinquency of a juvenile shall be fined not more than one thousand dollars, or imprisoned for not more than two years, with or without hard labor, or both.”
If the látter penalty applies, the City Court of Plaquemine is without jurisdiction. Hence, we must determine which penalty provision governs the offense.
*719 In State v. St. Julian, 221 La. 1018, 61 So.2d 464 (1952), we outlined the pertinent rules as follows:
“. . . [I]t is apparent that where the acts are in direct conflict the arbitrary rule, that the statute last in order of position will prevail, must be applied. This rule is recognized by the above quoted article of the LSA-Civil Code [LSA-C.C. Art. 23] with reference to laws where the former law is irreconcilable. There is no other reasonable rule that could be applied to conflicting statutes passed at the same session of the legislature than to hold that the later expression of the legislative will must govern.”
See also Dickerson v. Hennen, La.App., 249 So.2d 251 (1971); State v. Toups, La. App., 95 So.2d 55 (1957); 13 La.L.Rev. 606.
The Senate approved Act 486 on July 7, 1968, and Act 647 on July 9, 1968. The House of Representatives passed both acts on July 10,1968. 1968 Legislative Calendar of the State of Louisiana, 31st Reg.Sess., 193-194, 333. Therefore, the last legislative action on both bills occurred on the same date. The Legislature maintains no record of the exact time of legislative actions. The Governor signed both bills on July 20, 1968. Hence, we must turn to other sources to determine which penalty provision was the later expression of legislative will.
Louisiana Constitution of 1921 Article 3, § 26 provided:
“Whenever a bill that has been passed by both houses has been enrolled and placed in possession of the house in which it originated, the title shall be read, and at the request of any five members, the bill shall be read in full, when the Speaker of the House of Representatives or the President of the Senate, as the case may be, shall at once sign it in open house, and the act of signing shall be noted in the journal; thereupon the clerk or secretary shall immediately convey the bill to the other house, whose presiding officer shall cause a suspension of all other business to read and sign the bill in open session and without delay. As soon as bills are signed by the Speaker of the House and President of the Senate, they shall be taken at once, and on the same day, to the Governor by the clerk of the House of Representatives or secretary of the Senate. (Emphasis supplied.)
Presuming, as we must, that the Legislature complied with the above constitutional mandate by promptly transmitting the bills to the governor, we think that the time of the governor’s receipt is a proper guide in determining the later expression of legislative will. State v. Toups, supra; 1956 Reports and Opinions of the Attorney General of Louisiana 121.
The Governor received Act 486 on July 11, 1968, at 12:30 p. m., and Act 647 on July 11, 1968, at 2:00 p. m. From the time of receipt, we conclude that Act 647 was the later expression of legislative will. As we have noted, the penalty clause of that statute authorizes imprisonment at hard labor.
This Court considered this identical issue in State v. Coleman, La., 290 So.2d 906 (1974). There the State arrested the defendant for contributing to the delinquency of juveniles, among other charges. The State had not yet filed any formal charges stemming from the LSA-R.S. 14:92 violation. The defendant requested a preliminary examination, but the district court refused. The defendant then sought supervisory writs from this Court. In ordering a preliminary examination on the contributing-to-delinquency charge, we stated:
“On considering petition of the relator in the above entitled and numbered cause, it appears that the trial court judge was correct in denying a preliminary hearing on the two misdemeanor charges which are now supported by bills of information. However, the charge of contributing to delinquency of a juvenile is a felony under Act 647 of 1968, and relator is entitled to a preliminary examination under that felony charge." (Emphasis supplied.)
We hold that the City Court of Plaque-mine was without jurisdiction of this prosecution.
For the reasons assigned, the defendants’ convictions and sentences are annulled, and *720 the case is remanded to the City Court of Plaquemine with instructions to dismiss the case for lack of jurisdiction, without prejudice to the institution of the prosecution in the district court.
DIXON, J., concurs with reasons.

. In 1976, the Legislature corrected this dual penalty problem. Act 121 amended LSA-R.S. 14:92 by enacting provisions creating penalties with and without hard labor depending upon which subsection of the statute the defendant violated.