386 So.2d 653 (1980)
STATE of Louisiana
v.
ENTERTAINMENT SPECIALISTS, INC., d/b/a Glenwood Theater.
No. 66537.
Supreme Court of Louisiana.
July 7, 1980.
*654 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul J. Carmouche, Dist. Atty., for plaintiff-appellee, respondent.
Gregorio & Frazier, John M. Frazier, Sam N. Gregorio, Shreveport, for defendant-appellant, relator.
BLANCHE, Justice.
The defendant was charged by bill of information with obscenity in violation of La.R.S. 14:106. Upon conviction, the defendant was fined $100. Defendant perfected an appeal urging sixteen assignments of error.
Before reaching the merits, we note that the 1977 legislature amended R.S. 14:106 in two acts with divergent results. Act 97 established the penalty for obscenity as follows:
"G. (1) Whoever commits the crime of obscenity shall be fined not less than one hundred dollars nor more than one thousand dollars, or imprisoned in the parish prison for not more than one year, or both.
"(2) When a violation of Paragraph (1), (2), or (3) of Subsection A of this Section is with or in the presence of any unmarried person under the age of seventeen years, the offender shall be fined not more than ten thousand dollars and shall be imprisoned at hard labor for not less than two years nor more than ten years, without benefit of parole, probation, or suspension of sentence."
In contrast, Act 717 enacted the following penalty provision:
"G. Whoever commits the crime of obscenity shall be fined not less than one hundred dollars nor more than one thousand dollars, or imprisoned for not more than one year with or without hard labor, or both.
"When a violation of Paragraphs (1), (2), or (3) of Subsection A of this Section is with, or in the presence of, an unmarried person under the age of seventeen years, the offender shall be fined not more than two thousand dollars, or imprisoned for not more than five years with or without hard labor, or both."
If Act No. 97 is controlling, the defendant has been convicted of a misdemeanor and before this Court on writ of certiorari. However, if Act 717 is controlling, then the defendant has been convicted of a felony and has a right to appeal. La.Const. art. V, § 5(D)(2).
In State v. Bosworth, 373 So.2d 152 (La. 1979), we addressed the issue of conflicting punishments for the same crime. In Bosworth, we noted that it is a fundamental principle of statutory construction that penal provisions are interpreted strictly in favor of the defendant who must be afforded the benefit of any ambiguity. In applying this principle to an instance of conflicting punishments, we found the statute must be construed in order to afford the defendant the advantage of the lesser punishment.
Applying the principles of Bosworth to the instant case, we find that the penalty provision of Act No. 97 is controlling, and the defendant has been convicted of a misdemeanor. Pursuant to Rule 1, § 11 of Rules of the Supreme Court, we shall treat the defendant's appeal as an application for writ of certiorari, and grant the writ.

Assignment of Error Number 21
By assignment of error number 21, the defendant contends that the trial court erred in denying its motion for a new trial based on the allegation that the state did not prove beyond a reasonable doubt that the defendant was, in fact, doing business *655 as Glenwood Theatre, and was guilty of the conduct set forth in the bill of information. On appeal, this Court's review is limited to questions of law by La.Const. art. 5, § 5(C). Therefore, if there is some evidence of an essential element of the crime, no question of law is presented, sufficiency of the evidence being a matter to be decided by the trier of fact.[1] R.S. 14:106 provides in pertinent part as follows:
"(2) Participation or engagement in, or management, production, presentation, performance, promotion, exhibition, advertisement, sponsorship or display of, hard core sexual conduct when the trier of fact determines that the average person applying contemporary community standards would find that the conduct, taken as a whole, appeals to the prurient interest; and the hard core sexual conduct, as specifically defined herein, is presented in a patently offensive way; and the conduct taken as a whole lacks serious literary, artistic, political, or scientific value."
Further, we note that a determination of guilt of obscenity requires proof of scienter or knowledge. Smith v. California, 361 U.S. 147, 80 S.Ct. 399, 4 L.Ed.2d 383 (1959). The state is, therefore, required to show that the accused had knowledge of or had reason to know of the character and nature of the contents of the materials for exhibition of which he is responsible. State v. Wrestle, Inc., 360 So.2d 831 (La.1978).
In order to prove that the defendant was the person participating, engaging in, etc. the proscribed behavior, and to show the defendant's guilty knowledge, the state introduced a lease which identified the defendant as the corporation which leased the premises at 3323 Line Avenue, Shreveport, Louisiana, the place where the films were shown. The lease, which was in effect at the time the films were shown, provides that the premises shall only be utilized as a theater and prohibits subletting the premises without the permission of the lessor. At best, this evidence is circumstantial evidence of the fact to be proventhat is, who knowingly exhibited the obscene films.
La.R.S. 15:438 establishes the rule as to circumstantial evidence as:
"... assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
Thus, for the purpose of appellate review, the issue of whether there is a total lack of circumstantial evidence to prove the crime is decided by whether or not there is some evidence from which the jury could conclude that the only reasonable hypothesis is that the defendant had committed every element of the crime. See State v. Lindinger, 357 So.2d 500 (La.1978).
Applying these principles to the facts herein, we find that evidence introduced does not exclude every reasonable hypothesis of innocence. The facts that the evidence tends to prove are that the defendant corporation leased the premises in question for a period of three years and that under the lease, they were only allowed to use the place as a theater, and were not allowed to sublet the theater without the permission of the lessor. Yet, assuming these facts to be true, this does not eliminate every reasonable hypothesis of innocence. For instance, these facts do not eliminate the possibility that the defendant did, in fact, sublet the premises with or without the permission of the owner. Nor does it eliminate the possibility that the lease was dissolved or assigned. Most important, the proof that the defendant leased the premises does not eliminate the reasonable hypothesis that the defendant did not know the nature of the films being shown therein. There is no evidence that the defendant hired the personnel to operate the theater, or that it ordered the films or in any other fashion participated in the exposition *656 of these films, except for the lease. The fact that the defendant may have leased the building does not prove that the defendant conducted the business therein or was aware of the nature of the business conducted therein. Since the introduction of the lease did not exclude every reasonable hypothesis of the defendant's innocence, the state has failed to prove an essential element of the crime.
Having found that there is no evidence of an essential element of the crime, we must reverse.
The United States Supreme Court, in Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), held that the double jeopardy clause of the Fifth Amendment precludes a second trial once a reviewing court has found no evidence of the crime charged, or an essential element thereof. In addition, the Court stated that the only just remedy for the reviewing court is the direction of a judgment of acquittal. Because we find no evidence in the record of the crime charged, we must enter a judgment of acquittal. State v. Peoples, 383 So.2d 1006 (La.1980); State v. Thompson, 366 So.2d 1291 (La.1978).
For the reasons assigned, the defendant's conviction is reversed and a judgment of acquittal entered.
NOTES
[1] In the past, where a reviewable question has been raised, this Court has sustained a motion for new trial only when there is a total lack of evidence to prove the crime or an essential element thereof. Here, whether the traditional standard of review or the Jackson standard, Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is employed, the result is the same.