451 So.2d 1070 (1984)
STATE of Louisiana
v.
Gerald A. BOSWORTH.
No. 80-KA-1619.
Supreme Court of Louisiana.
April 2, 1984.
Rehearing Denied July 17, 1984.
*1071 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., James L. Alcock, Asst. Dist. Atty., for plaintiff-appellee.
Robert Glass, Glass & Reed, New Orleans, for defendant-appellant.
LEMMON, Justice.[*]
This seemingly simple case, which involves a plea of guilty to the crime of contributing to the delinquency of a juvenile, has resulted in a series of hearings in the district court and a series of opinions by this court.[1] In the most recent decision, this court on rehearing conditionally affirmed the denial of a motion to set aside the guilty plea on various grounds, but remanded the case to the trial court to conduct a hearing on whether the plea was based in any significant degree on an alleged promise by the district attorney to recommend probation. Defendant has now appealed from an adverse decision by the trial court after the hearing. We affirm the conviction and sentence, concluding that defendant failed to bear his burden of proof regarding the plea bargain and is therefore not entitled to have the plea set aside.
Defendant was indicted in January, 1977 on two counts of contributing to the delinquency of a juvenile by supplying marijuana to his 16-year old niece. La.R.S. 14:92. After his arrest, defendant publicly admitted the truth of the charges in a published newspaper article. Defendant later retained an experienced criminal lawyer and entered pleas of not guilty and not guilty by reason of insanity, but ultimately entered into a plea bargain. (For a full history of the case, see Bosworth III, on rehearing.) Pursuant to the agreement, defendant entered a guilty plea to one count on August 24, 1977, and the district attorney dismissed the other count. After the guilty plea, the trial judge ordered a presentence investigation.
Present counsel for defendant enrolled in the case after the guilty plea, but prior to the sentencing. Upon learning that the trial judge intended to sentence defendant to a term of imprisonment at hard labor, counsel requested access to the presentence investigation report. When the trial judge refused, this court granted supervisory writs and ordered that the report be disclosed to counsel (subject to deletion of the source of certain confidential communications, if any). See Bosworth I, 360 So.2d 173.
The trial judge, after conducting a sentencing hearing, sentenced defendant to one year imprisonment at hard labor. On appeal, this court affirmed the conviction, but set aside the sentence and remanded the case to the trial court for resentencing, *1072 concluding that the trial judge erred in treating the offense as a felony rather than a misdemeanor. See Bosworth II, 373 So.2d 152.
While the case was pending in the trial court on the remand for resentencing, defendant filed a motion to set aside the guilty plea on the grounds (1) that he did not enter the plea knowingly and intelligently and (2) that former defense counsel labored under a conflict when he advised defendant to plead guilty. After conducting a hearing, the trial judge denied both motions and resentenced defendant to one year in the parish prison, which was the maximum sentence for the offense as a misdemeanor at the time of its commission. However, because the trial judge had stated during the hearing that no one from the district attorney's office had recommended probation to him, defense counsel immediately filed for reconsideration of the ruling on the motion to withdraw the plea, adding the additional ground that the plea was induced in substantial part on the promise of the district attorney to recommend probation and that the district attorney had failed to do so. Although the trial judge scheduled a hearing on the motion, no evidence was presented on the scheduled date, and the trial judge denied the motion after hearing argument. Defendant then appealed from the sentence and from the denial of the various motions to set aside the guilty plea.[2]
On original hearing on appeal, this court affirmed the denial of the various motions to set aside the guilty plea, but remanded for resentencing on the basis that the trial judge abused his discretion by sentencing defendant to a term in excess of six months, because the Legislature, subsequent to the commission of the crime, had reduced the maximum penalty to six months.[3] On defendant's application, this court granted a rehearing. In the decision on rehearing, the court again affirmed the denial of the motions to set aside the guilty plea on the two grounds initially raised, but noted that neither defendant nor the district attorney was present at the hearing relative to the motion based on the allegedly breached plea bargain. Because this court could not determine from the record the merits of defendant's claim that such an agreement had in fact been made and breached, the case was remanded to the trial court for a hearing at which defendant would have the burden to prove that his plea was based in a significant degree on a promise by the district attorney to recommend probation and that the promise had not been fulfilled. See Bosworth III, 415 So.2d 912.
On remand, the trial judge conducted another hearing and denied relief.[4] Hence this appeal.
At the hearing on remand, the district attorney categorically denied making a promise to recommend a suspended sentence. The original defense attorney, although asserting that the district attorney had made this promise, could not remember whether the alleged promise was made before or after the plea of guilty. Only defendant was sure that the alleged promise to recommend probation was part of the bargain. However, his testimony not only was self-serving, but also was based on recollections of seven-year old events. Resolving the conflicting testimony, the trial judge answered in the negative the question posed by our remand order on rehearing in Bosworth III (whether such a prosecutorial promise was made). We agree that defendant simply failed to establish at the hearing on remand that the district attorney had promised to recommend probation prior to defendant's entering the *1073 plea as an inducement to encourage defendant to forego his trial rights.
At the close of the hearing, however, defense counsel argued that a resolution of the credibility issue in favor of the district attorney's version of the facts would not determine the ultimate question of the validity of defendant's plea. Counsel contended that the judge should further determine whether defendant's former attorney was ineffective in creating in his client's mind the substantial misimpression that the district attorney would recommend probation. For several reasons, we agree that the trial judge did not abuse his discretion in refusing to grant relief on that basis five years after the entry of the plea.
The trial judge at the hearing on September 17, 1982 was required to determine, on the basis of evidence of events which occurred prior to August 24, 1977, whether (1) defendant, prior to his guilty plea, in fact believed that the district attorney would recommend probation, (2) whether that belief was a reasonable one under the overall circumstances, and (3) whether that belief (if it in fact existed) played a substantial role in inducing defendant to enter a guilty plea.
Defendant retained present counsel about four months after the plea was entered (about January, 1978), but prior to imposition of the initial sentence in October, 1978. In January and February, 1978, former counsel wrote two letters (introduced in the record in the present proceedings) to present counsel, in which he stated that the district attorney "did, to the best of my knowledge state that he would make a recommendation of a suspended sentence". However, the February 2, 1978 letter also alerted newly-retained counsel to the fact that the district attorney had recently stated that he did not recall any such promise and that "he did not want to make a recommendation of a suspended sentence because he did not want to get `in the middle'". That letter indicated that the prosecutor merely took a neutral stance on the question of sentence.
Defense counsel also obtained, prior to the initial imposition of sentence, a copy of the presentence report, which contained the district attorney's statement that "he would not publicly criticize the sentencing judge in this case if Gerald Bosworth was not given a jail sentence". Defendant and present counsel therefore must have been aware, relatively soon after the plea was entered and certainly before the initial sentence was imposed, that the district attorney was not going to recommend probation and that the original defense attorney may have mistaken the prosecutor's "no opposition" attitude toward a suspended sentence for a promise to affirmatively recommend probation. At any rate, despite the questionable status of the recommendation, defense counsel did not make any effort at the time to determine whether a positive prosecutorial recommendation had been made or, alternatively, to withdraw the plea.
This failure to act before sentencing indicates either that defendant did not regard the alleged promise to recommend probation as a substantial factor in his decision to enter the plea or that defendant was satisfied with the prosecutor's "no opposition" position. Had defendant really relied in any significant degree on the alleged promise, he was certainly on notice prior to imposition of the initial sentence that some misunderstanding may have occurred.[5]
The trial judge's conclusion that the alleged promise did not serve as a substantial inducement for the plea is also supported by the fact (noted in our earlier opinion in Bosworth III) that defendant from the very beginning conceded that he permitted and encouraged the use of marijuana *1074 by the juvenile.[6] As noted in the earlier decision, once former defense counsel investigated the possibility of an insanity defense and determined that none existed, defendant never intended to contest his guilt, but rather planned to enter a plea of guilty and to seek sentencing leniency based on admission of his guilt, his contrition, his rehabilitation, and the likelihood that such conduct would not recur.
Furthermore, defendant himself admitted that his primary interest at the outset was to have the offense reduced to the status of a misdemeanor.[7] That result was accomplished in his second appeal to this court (Bosworth II). Moreover, it is undisputed that the trial judge from the beginning declined to make any commitment concerning the ultimate sentence, although defendant and initial defense counsel both hoped for a sentence of probation.
Finally, we recognize that guilty pleas, being convictions, should be afforded a great measure of finality. See Blackledge v. Allision, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). The plea presently under attack was entered in August, 1977. Prior to the September 8, 1978 sentencing hearing, defendant and defense counsel were aware of the fact that the district attorney was going to do no more than adopt a "no opposition" position on the question of probation. They were also aware that initial defense counsel had the impression that the prosecutor would make an affirmative recommendation regarding probation. Nevertheless, the subject of the prosecutor's recommendation was not raised until years later. Defendant's failure to pursue this matter at the time of initial sentencing led the trial judge to the reasonable conclusion that any such agreement was not a substantial factor in defendant's decision to plead guilty.[8]
Accordingly, the trial court's refusal to allow the defendant to withdraw his plea is affirmed.
CALOGERO, J., dissents and assigns reasons.
WATSON, J., dissents believing that there was a sufficient showing of an unkept plea bargain.
CALOGERO, Justice, dissenting.
I would reexamine this Court's previous determination that the defendant's guilty plea, taken without advisement as to his privilege against self-incrimination, is constitutionally valid, and would hold that same guilty plea not valid for the reasons expressed in my dissent in State v. Bosworth, 415 So.2d 912 at 928, 929 (La.1982).
NOTES
[*] Blanche, Justice, recused.
[1] See State v. Bosworth, 360 So.2d 173 (La. 1978), in which this court granted a presentence writ and ordered disclosure of the presentence report (Bosworth I); State v. Bosworth, 373 So.2d 152 (La.1979), in which this court held on appeal from the defendant's initial sentence of one year imprisonment at hard labor that the offense of contributing was a misdemeanor, not a felony (Bosworth II); and State v. Bosworth, 415 So.2d 912 (La.1982), in which this court affirmed defendant's guilty plea, but ordered the sentence reduced from one year to a maximum of six months without hard labor and remanded for the hearing on allegations that the district attorney had breached his obligation under the plea agreement (Bosworth III).
[2] Defendant arguably was not entitled to an appeal from the denial of his motion to set aside guilty plea, since the case had been remanded solely for the purpose of resentencing as a misdemeanor. However, the court treated all issues as properly raised on appeal.
[3] Defense counsel had filed a motion to limit sentencing alternatives to a maximum of six months in parish jail in September, 1978, prior to the initial sentencing.
[4] The trial court additionally sentenced defendant to serve six months in the parish jail.
[5] The trial judge stated for the record in denying defendant's motion to withdraw the plea that he interpreted the prosecutor's "no opposition" statement in the presentence report as reflecting a favorable inclination toward a suspended sentence. He further stated that he placed much more emphasis on the recommendation for leniency made by the judge of the United States District Court for whom defendant had served as a clerk.
[6] As late as May 6, 1980, defendant filed an affidavit acknowledging that he "shared marijuana" with his niece, but denying giving her or any of her friends any other illegal drugs.
[7] Defendant was deeply concerned about the effect of a felony conviction on his license to practice law.
[8] A defendant is not entitled to withdraw a plea simply because his hopes for probation were not realized, even if counsel's advice encouraged those hopes. See State v. Lockwood, 399 So.2d 190 (La.1981); State v. Deakle, 372 So.2d 1221 (La.1979); State v. Delgado, 388 So.2d 384 (La.1980). This is particularly true in this case, since defendant was an experienced attorney who was represented by experienced defense counsel. He was aware of the risks and possible advantages of entering a guilty plea. Defendant clearly believed that the best of his unpleasant choices was to enter the plea. Despite the confusion over the prosecutor's sentencing recommendation, defense counsel competently advised his attorney-client.