765 So.2d 998 (2000)
STATE of Louisiana
v.
Michael GRANIER.
No. 99-KA-3511.
Supreme Court of Louisiana.
July 6, 2000.
*999 Richard P. Ieyoub, Attorney General, Paul D. Connick, Jr., District Attorney, Terry Michael Boudreaux, Mary Ellen Hunley, Julie E. Cullen, Counsel for Applicant.
G. Patrick Hand, III, Jeanne O'Boyle, Anne T. Turissini, Counsel for Respondent.
VICTORY, J.[*]
In this case, the trial court declared a subsection of La. R.S. 14:80, carnal knowledge of a juvenile, unconstitutional. We have jurisdiction over this case pursuant to the appellate jurisdiction granted to this court in the Louisiana Constitution, Article V, Section 5.[1] After reviewing the applicable law, we hold that subsection B of La. R.S. 14:80 is not unconstitutional and, therefore, reverse the decision of the trial court and remand this case for further proceedings.

FACTS AND PROCEDURAL HISTORY
The defendant, Michael Granier, was charged with violation of La. R.S. 14:80, carnal knowledge of a juvenile.[2] Initially, the defendant challenged the constitutionality of the statute through a motion to dismiss. However, he amended his pleading and styled it as a motion to quash the bill of information based on the unconstitutionality of the statute. At the hearing, the trial court ruled the statute unconstitutional:
I'd say in recent years, the last ten or twelve years the Louisiana Supreme Court has been striking things down that whenever there's a statute that creates an impermissible presumption, and I'm of the opinion that if you do away with the need for a statute to prove as an element of the crime that the defendant knew the victim's age that creates an impermissible presumption it presumes that the defendant knew the victim's age. I'm going to declare that section of the statute unconstitutional with regard to ... the defendant's lack of knowledge of the victim's age.
The State appealed this ruling directly to this court.
The State argues that the trial court erred when it declared unconstitutional that portion of La. R.S. 14:80(B) which *1000 provides that "[l]ack of knowledge of the juvenile's age shall not be a defense." Conversely, the defendant argues that the trial court was correct in finding this portion unconstitutional because the language relieves the State from its burden of proving specific intent with regard to the accused's knowledge of the victim's age, and thereby, creates an unconstitutional mandatory presumption.

DISCUSSION
Statutes are presumed valid and their constitutionality should be upheld whenever possible. State v. Griffin, 495 So.2d 1306, 1308 (La.1986). Louisiana criminal statutes must be "given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." La. R.S. 14:3. Moreover, the Louisiana Legislature has sole authority under the Louisiana Constitution to define conduct as criminal and to provide penalties for such conduct. La. Const. art. 3, § I. In fact, La. R.S. 14:8(2) provides that criminal conduct may consist of a "mere act or failure to act that produces criminal consequences, where there is no requirement of criminal intent ..." Additionally, La. R.S. 14:11 provides that in some crimes "no intent is required." Thus, the Louisiana Legislature has determined that specific or general intent is not a necessary element of every crime.
While offenses that dispose of a scienter requirement are not favored, the United States Supreme Court has noted that the legislatures' authority to define a criminal offense includes the power to "exclude elements of knowledge and diligence from its definition." Lambert v. California, 355 U.S. 225, 228, 78 S.Ct. 240, 242, 2 L.Ed.2d 228 (1958). See also Powell v. Texas, 392 U.S. 514, 545, 88 S.Ct. 2145, 2160, 20 L.Ed.2d 1254 (1968) (Black, J. concurring) ("[L]egislatures have always been allowed wide freedom to determine the extent to which moral culpability should be a prerequisite to conviction of a crime."). Additionally, the Court has also specifically recognized certain exceptions to the requirement of mens rea as an element of criminal conduct, including "sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached age of consent." Morissette v. United States, 342 U.S. 246, 251 n. 8, 72 S.Ct. 240, 244 n. 8, 96 L.Ed. 288 (1952). See also United States v. X-Citement Video, Inc., 513 U.S. 64, 69, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994) (quoting Morissette, supra). Moreover, the majority rule in state courts across the nation is that a defendant's knowledge of the age of the victim is not an essential element of statutory rape. In many of these states, proof of statutory rape requires merely proof of an act of sexual intercourse and proof that the victim is below the prohibited age.
As to the specific criminal statute in this case, as early as 1938, this court explained that the crime of carnal knowledge of a juvenile does not require felonious intent or guilty knowledge, but that the simple perpetration of the act itself constitutes the offense. State v. Dierlamm, 189 La. 544, 180 So. 135 (1938). Later, this court stated that in the interest of protecting juveniles, historically recognized as a special class of persons in need of protection, the legislature may dispense with the knowledge requirement as to the age of the juvenile in certain crimes. State v. Elias, 357 So.2d 275 (La.1978) ("Although the presence of a `vicious will' or mens rea has long been a requirement of criminal responsibility, many exceptions have been recognized."), overruled on other grounds by, State v. Bosworth, 373 So.2d 152 (La. 1979).[3]
*1001 In Louisiana's statute, the crime of carnal knowledge of a juvenile requires proof of consensual sexual intercourse between a person over the age of 17 with a person 12 years old or older, but under the age of 17. Additionally, the age difference between the two has to be greater than two years and the juvenile must not be the spouse of the offender. Yet, nowhere in the statute is knowledge of the juvenile's age required. As in Dierlamm and Elias, we hold that knowledge of the juvenile's age is not an element of certain crimes involving juveniles, including the crime of carnal knowledge of a juvenile.
Defendant's reliance on State v. Cinel, 646 So.2d 309 (La.1994), is misplaced. Even though the provision declared unconstitutional in that case is identical to the challenged clause in this case, Cinel specifically addressed the crimininalization of possessing materials otherwise protected under the First Amendment to the Constitution.[4] We noted that while the states have greater leeway in prohibiting child pornography even when the materials would not otherwise qualify as "obscene" under prevailing standards, they cannot dispense with a scienter element, a constitutional prerequisite of any valid obscenity law, and the offender must be aware of the general content and character of the materials he possesses. Therefore, we found that under subsection A of the statute, prohibiting pornography involving juveniles, the State had to prove knowledge of the performer's age. Only after this finding did we hold that subsection D created an irrebuttable presumption in favor of the State and that this subsection was unconstitutional.
The statute in the instant case does not criminalize conduct protected by the First Amendment. Therefore, the reasoning in Cinel, which required the application of "intentional" to every element in the statute at issue in Cinel, is not applicable to this case. In fact, as discussed above, there is no scienter requirement at all in La. R.S. 14:80. Because there is no scienter requirement in La. R.S. 14:80, there is no conflict between subsection A and subsection B and no presumption of knowledge of the victim's age is created by subsection B. Subsection B makes it clear that knowledge is not a requirement of subsection A and therefore, cannot be used as a defense.
In adopting this statute, the legislature has made the determination to protect juveniles below a specified age from sexual intercourse. The policy underlying such a statute is a presumption that, because of their innocence and immaturity, juveniles are prevented from appreciating the full magnitude and consequences of their actions. At the heart of these types of statutes is the concern that juveniles should not be exploited for sexual purposes regardless of their "consent." Although we recognize that some juveniles below this age are able to convincingly portray themselves as being 17 years of age or older, the burden falls upon the "adult" to determine that the other person is the legal age before engaging in sexual relations.

CONCLUSION
Based on the foregoing, La. R.S. 14:80 does not create an unconstitutional mandatory presumption, and the statute does not violate constitutional precepts because it lacks the element of intent with regard to the age of the victim. Therefore, the trial court erred in declaring La. R.S. 14:80(B), which states that lack of knowledge of a *1002 juvenile's age shall not be a defense, unconstitutional.

DECREE
For the reasons stated, the trial court's decision, declaring subsection B of La. R.S. 14:80 unconstitutional, is reversed. The defendant's motion to quash is denied and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[*] Kimball, J., not on panel. Rule IV, Part 2, § 3.
[1] La. Const. art. 5, § 5. Supreme Court; Jurisdiction; Rule-Making Power; Assignment of Judges.

* * *
(D) Appellate Jurisdiction. In addition to other appeals provided by this constitution, a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional or (2) the defendant has been convicted of a capital offense and a penalty of death actually has been imposed. (emphasis added).
[2] § 80. Carnal knowledge of a juvenile

A. Carnal knowledge of a juvenile is committed when:
(1) A person over the age of seventeen has sexual intercourse, with consent, with any person of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons and the victim is not the spouse of the offender; or
(2) A person over the age of seventeen has anal or oral sexual intercourse, with consent, with a person of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons.
B. Lack of knowledge of the juvenile's age shall not be a defense. Emission is not necessary; and penetration, however slight, is sufficient to complete the crime.
C. Whoever commits the crime of carnal knowledge of a juvenile shall be imprisoned, with or without hard labor, for not more than ten years, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893.
[3] As pointed out in Elias, the legislature has excluded knowledge of the juvenile's age in several crimes involving juvenilesaggravated rape, carnal knowledge of a juvenile, indecent behavior with juveniles, enticing minors into prostitution, contributing to the delinquency of juveniles, and cruelty to juveniles.
[4] The relevant portions of the statute in Cinel read as follows:

§ 81.1. Pornography involving juveniles
A. Pornography involving juveniles is any of the following:
* * *
(3) The intentional possession, sale, distribution, or possession with intent to sell or distribute of any photographs, films, videotapes, or other visual reproductions of any sexual performance involving a child under the age of seventeen.
* * *
D. Lack of knowledge of the juvenile's age shall not be a defense.